(Decided 10th March, 1880.)

---

Moses A. Freidenrich *vs.* The Baltimore and Ohio Railroad Company.

*Commutation Tickets—Construction of Prayers in an Action for Damages against a Railroad Company, by a Holder of a Commutation Ticket put off its Cars and the Ticket taken up because he had allowed some one else to use his Ticket— Instructions to the Jury.*

The appellant was the holder of a commutation ticket between Baltimore and Washington, issued to him by the appellee. It was stipulated on the ticket, that it should be used only by the appellant, and that if found in the hands of any one but the appellant,

Freidenrich *vs.* Balto. & Ohio R. R. Co.

it would be forfeited and taken up. Before the expiration of the time for which the ticket was issued, the appellant entered the the appellee's cars in Baltimore on his way to Washington. After leaving Baltimore and before reaching the Relay Station, the conductor took up the appellant's ticket and demanded from him the usual passenger fare. This the appellant refused to pay, and was thereupon, on reaching the Relay Station, put off the appellee's cars. The appellant sued the appellee to recover damages for an alleged unlawful expulsion from its cars. It appeared in evidence on the part of the appellee, that the ticket in question had been used by persons other than the appellant, in travelling over the appellee's road, and that no force, violence or harsh language had been used by the appellee's agent, in removing the appellant from its cars. The appellant testified that he had never parted with the ticket, and that it had never been used by any other person than himself. The verdict being against the appellant, he claimed, there was error in a modification by the Court of his first prayer—that the plaintiff is entitled to recover if the jury find the ticket in question, was taken from his possession and he ejected from the cars, and "shall further find that the said plaintiff did not loan, sell or in any manner transfer said ticket to any other person, or knowingly permit any other person to use said ticket before that time," and the Court here added, " and shall find that said ticket was not used by any other person than the plaintiff, through the negligence or want of due care on the part of the plaintiff,"—and that there was also error in granting certain prayers of the appellee. HELD :

1st. That the ticket was properly taken from the appellant if before that time, it had been used by any other person with his connivance, and if so used, the appellee's agent had afterwards the right to take it up, even in the hands of the person to whom it was issued.

2nd. That as there was no question of negligence raised by the proof in the case, the addition to the appellant's prayer was unnecessary, but as it could not, in any respect, have prejudiced the appellant's case before the jury, it is not a sufficient cause for a reversal.

3rd. That as the only question of fact presented by the whole proof for the determination of the jury, was whether or not the ticket in question had been used by persons other than the appellant, there was no error in omitting from the appellee's prayers which were granted, the addition to the appellant's prayer as to " the negligence or want of due care on the part of the plaintiff."

Instructions given to the jury by the Court are confined to the evidence in the particular case. They are not intended or required to cover more than the evidence offered, or to state any principle of law which is not applicable to it.

APPEAL from the Circuit Court for Frederick County.

This action was instituted in the Superior Court of Baltimore City, and removed on the suggestion of the defendant, to the Circuit Court for Frederick County, and there tried. The case is stated in the opinion of the Court.

*Exception.*—At the trial, the plaintiff offered three prayers:

1. The first prayer, with the Court's addition, is substantially stated in the opinion of the Court.

2. That if the jury find for the plaintiff on plaintiff's first prayer, they should award the plaintiff such sum as damages as will compensate him for the injury to his person, feelings and character, arising from the unlawful acts of the defendant, through its said agent or agents.

3. That if the jury find for the plaintiff on the plaintiff's first prayer, and believe that said unlawful acts of the defendant were deliberately and forcibly done, then they may award such further sum as damages as they may consider a proper punishment for the conduct of the defendant, and acting through its said agent or agents.

And the defendant offered seven prayers, of which it s necessary to set out only the following:

1. That the ticket purchased by the plaintiff from the defendant, and offered in evidence, if the jury shall so find, was a special contract between the plaintiff and defendant, by which the plaintiff agreed that, in consideration of the price paid therefor, that said ticket would be used only by himself in riding on the cars of the defendant during the time limited by the terms thereof, and between the stations designated therein, to be forfeited and

taken up if used for such purposes by persons other than the plaintiff. And if the jury shall find from the evidence that said ticket was used by persons other than the plaintiff in riding in defendant's cars, and that the agents of the defendant, after such use of said ticket by persons other than the plaintiff, took up said ticket, then, by the terms and conditions of said agreement, the rights and privileges given and granted by said ticket became forfeited, and the defendant or its agents had the right to take up said ticket whenever found, even in the hands of the person to whom it was issued; and if the jury shall further find that the regular fare between said points was demanded of plaintiff, and the plaintiff refused to pay the same, then that the defendant or its agents had the right to remove the plaintiff from its car, using no more force than was necessary for that purpose, and their verdict must be for the defendant.

4. If the jury shall believe that the plaintiff was ejected from the defendant's cars at the time and place and under the circumstances detailed by him in evidence, nevertheless the plaintiff is not entitled to recover under the pleadings and evidence in this case, if the jury shall further find from the evidence that any person or persons other than the plaintiff himself had previously used the same ticket riding or travelling on the defendant's cars between the cities of Baltimore and Washington, or to or from any intermediate places between said cities; provided the jury further find that the said conductors or collectors did not know but that the person or persons who had so as above mentioned previously used the ticket, was or were rightfully entitled to use it, and being the same person or persons to whom the ticket had been actually issued.

7. If the jury find from the evidence that the plaintiff, at the time and place where he was ejected from the defendant's cars, was riding or travelling thereon with the commutation ticket in evidence in this case, nevertheless

the possession of such ticket did not entitle him to use it in riding or travelling on the defendant's cars, if the jury shall further believe from all the evidence that the said ticket had previously to that time been used by a person or persons other than the plaintiff in riding on the said trains, and between the cities of Baltimore and Washington, with the knowledge and consent of the plaintiff, and if the jury believe that the ticket was so used previously to the time of the plaintiff's ejection, it is incumbent on the plaintiff to satisfy the jury that such user was without his knowledge or against his consent.

The Court, (LYNCH and BOUIC, J.,) granted the prayers of the plaintiff, the first with an addition, and rejected the second, third, fifth and sixth prayers of the defendant, and granted its first, fourth and seventh prayers. The plaintiff excepted, and the verdict and judgment being for the defendant, the plaintiff appealed.

The cause was submitted to BARTOL, C. J., BOWIE, BRENT, MILLER and IRVING, J.

*Frederick J. Nelson* and *William H. Hinks,* for the appellant.

The plaintiff's first prayer (as amended by the Court) and the defendant's first prayer, which were granted, are utterly inconsistent. Where prayers granted on the same hypothesis of fact are so inconsistent that conformity with the one necessarily implies disregard of the other, they are calculated to mislead, and therefore erroneous. *Young vs. Mertens,* 27 *Md.,* 125; *Haney vs. Marshall,* 9 *Md.,* 215; *Blocher's Case,* 27 *Md.,* 277.

The plaintiff's second and third prayers announce the correct measure of damages. *Balt. & Yorktown Turnpike Co. vs. Boone,* 45 *Md.,* 347, 355; *Gaither vs. Blowers,* 11 *Md.,* 552.

*Charles W. Ross* and *John K. Cowen,* for the appellee.

It is now well settled that a carrier of passengers has the right to adopt such reasonable rules and regulations for the government of its passengers and itself, so as to enable it to avoid imposition; and its passengers are legally bound to conform to its rules. *B. & O. R. R. Co. vs. Blocher,* 27 *Md.,* 277; *McClure vs. P. W. & B. R. R. Co.,* 34 *Md.,* 532.

It has also the right, in consideration of a reduced fare, to issue special tickets, and to prescribe the terms and conditions upon which such tickets are issued; and, so far as expressed, the terms and conditions upon which such tickets are issued and accepted are binding. *Johnson vs. Concord R. R. Co.,* 46 *N. H.,* 213; *State vs. Overton,* 4 *Zabrisky,* 435; *Cleveland, &c., R. R. Co. vs. Bertram,* 11 *Ohio St.,* 457; *Dietrich vs. Pa. R. R. Co.,* 71 *Pa. St.,* 432; *Ripley vs. N. J. R. R. & Trans. Co.,* 2 *Vroom,* 388; *Sherman vs. Chicago and N. W. R. R. Co.,* 40 *Iowa,* 45; *Cooper vs. London and B., &c., Co., Exchequer Div. of Eng. Court, Railway Age, of May* 15, 1879.

The ticket, when thus issued and accepted by the passenger, constitutes a special contract between the railroad company and the passenger; and the Court, in the construction of the contract, is bound to give full force and effect to each and every condition and provision therein contained.

The law of the contract in this case was fairly given by the Court to the jury in all its rulings, and the appellant has nothing to complain of in the amendment to his prayer.

BRENT, J., delivered the opinion of the Court.

This action was brought by the appellant to recover damages from the Baltimore and Ohio Railroad Company for an alleged unlawful expulsion from its cars.

He had purchased from the company a ticket of the class known as commutation tickets, good for travel over

the company's road between Baltimore and Washington, for three months, from the 1st of February, 1877, to the 30th of April following. Being a special ticket, differing from the ordinary passenger ticket, it is issued only on special terms and stipulations, which are designated upon its face. Among those upon the present ticket are the stipulations, "to be used only by M. A. Freidenrich, between Baltimore and Washington, from February 1, 1877, to April 30, 1877," and on the margin, "if found in the hands of any one but the party in whose name it is issued, this ticket will be forfeited and taken up."

Before the expiration of the time mentioned, the appellant, Freidenrich, entered the cars of the appellee in Baltimore on his way to Washington. After leaving Baltimore and before reaching the Relay Station, a few miles out, the conductor took up the ticket of the appellant, and demanded from him the usual passenger fare. This the appellant refused to pay, and was thereupon on on reaching the Relay Station, put off the cars of the appellee.

The principal facts relied upon by the appellee to justify the act of its agent are, that the ticket in question had been used by persons, other than the appellant, in travelling over its road, and that in the removal of the appellant from its cars, after the taking up of the ticket and his refusal to pay the usual fare, no force, violence or harsh language was used on the part of its agent.

The appellant on the other hand testified, that he had never parted with the possession of the ticket, and that it had never been used by any other person than himself.

After the evidence was closed the appellant presented three prayers, and the appellee seven. The first prayer of the appellant was modified by the Court, and the second and third prayers granted, as were also the first, fourth and seventh of the appellee. The verdict being against the appellant, he now claims there was error in the modi-

fication of his first prayer, and in granting the three prayers of the appellee.

The first prayer asks the Court to instruct the jury that the plaintiff is entitled to recover, if they find the ticket in question was taken from his possession and he ejected from the cars, and "shall further find that the said plaintiff did not loan, sell, or in any manner transfer said ticket to any other person, or knowingly permit any other person to use said ticket before that time." The Court here added, "and shall find that said ticket was not used by any other person than the plaintiff, through the negligence or want of due care on the part of the plaintiff," and this is the modification complained of.

This prayer seems to admit that the ticket was properly taken from the appellant, if before that time it had been used by any other person with his connivance. But even if it does not, there can be no question of its forfeiture if so used, and the agent of the road had afterwards the right to take it up even in the hands of the person to whom it was issued. It was the subject of contract between the company and passenger, and the conditions and stipulations annexed became mutually binding so soon as the ticket was issued by the one and accepted by the other. The company thereby became bound to carry the appellant upon its cars according to the terms of its undertaking, and he on his part was bound by all the terms and conditions upon which the ticket was issued. Among these conditions, as before stated, was its forfeiture if used by another person, and if so used, it was to be taken up.

This we think is the reasonable construction of this part of the contract between the parties, as expressed upon the face of the ticket, and is the one adopted by the Circuit Court in its instructions to the jury.

But it is contended that the Court erred in its modification of the appellant's first prayer, by adding, "and

Freidenrich *vs.* Balto. & Ohio R. R. Co.

shall find that said ticket was not used by any other person than the plaintiff, through the negligence or want of due care on the part of the plaintiff."

There are circumstances under which the use of the ticket by another than the person to whom it was issued would not have the effect of its forfeiture—where, for example, it had been taken from him by force or violence, and some means against which he could not have reasonably guarded—but he cannot be excused if he has been guilty of negligence or a want of due care. From the character of the ticket, and its liability to be used by another, in fraud of the agreement that it is to be used only by the person to whom issued, the implied obligation rested upon him when he accepted it from the company to keep it with due and proper care. If, from his negligence, it came into the hands of another, and was fraudulently used upon the company's road, he is just as amenable to its forfeiture as if it had been used with his assent. In this respect the law was properly stated by the Court in its addition to the prayer. As there was, however, no question of negligence raised by the proof in the case, the addition to the prayer was unnecessary. But manifestly it could not in any respect have prejudiced the case of the appellant before the jury. This being so, this Court has repeatedly said, it is not sufficient cause for a reversal.

The prayers on the part of the appellee, which were granted, seem fully to cover the evidence offered. The appellee gave proof that the ticket in question had been used by persons other than the appellant, and the appellant that it had never been out of his possession, and had never been used by any one but himself. And this was the only question of fact presented by the whole proof for determination to the jury.

The objection relied upon to these prayers as granted is that they are inconsistent with the first prayer as modified and granted on the part of the appellant, inasmuch

as they are silent in regard to " the negligence or want of due care on the part of the plaintiff."

Instructions given to the jury by the Court are confined to the evidence in the particular case. They are not intended or required to cover more than the evidence offered, or to state any principle of law which is not applicable to it. Although the law in regard to negligence was truly stated by the Court in its first instruction, it was not really a question, as we have before said, arising upon the proof in the case. Its omission, therefore, from the prayers granted in behalf of the appellee was not error. Nor was it in any way calculated to confuse or mislead the jury.

When the appellee offered proof that the ticket had been improperly used upon its road, the burden was upon the appellant to show that it had never been so used, or if used, that it was not through any fault or want of due care on his part. He elected the former issue, and sought to establish to the satisfaction of the jury that, in fact, the ticket had never been used by any one else but himself. The testimony was flatly contradictory and irreconcilable, and it was only upon this direct issue raised by the proof that the jury was called upon to decide.

The instructions of the Court fairly submitted to the jury the law and facts in the case. We have failed to discover in them any error sufficient for a reversal. The judgment will, therefore, be affirmed.

*Judgment affirmed.*

(Decided 11th March, 1880.)