JOSEPH HARRIS, DEFENDANT IN ERROR, v. DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY AND EDWARD BICKEL, PLAINTIFFS IN ERROR.

Submitted December 5, 1908—Decided February 23, 1909.

1. In an action against a railroad company for conversion of a ticket, the evidence justified an inference that the ticket was taken up by the defendant's conductor after a public altercation with the passenger. *Held*, that it was not erroneous to charge that the plaintiff was entitled to damages for injury to his feelings and the ignominy thrust upon him, if the jury found there was any.

2. A stipulation in a "commutation ticket" that it is not transferable, and if offered by any other than the person to whom it is issued, it will be forfeited and taken up by the conductor, is valid and binding.

3. Where a "commutation ticket" contains a stipulation that if offered by any other person than the person to whom it is issued, it will be forfeited and taken up by the conductor, the right to take it up is not limited to the occasion when it is presented by a person other than the owner; if the condition has been already violated, the ticket may be taken up when presented by the owner himself.

4. A right to forfeit a railway ticket for violation of its terms can only be exercised when those terms have been violated with the permission or connivance of the owner of the ticket.

5. Where there is proof that a railway ticket has been offered for fare by others than the owner in violation of its terms, it is admissible for the purpose of proving that the wrongful use of the ticket was with the permission or connivance of the owner, to prove the misuse of other similar tickets.

On error to Morris Common Pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the defendant in error, *Elmer King.*

For the plaintiffs in error, *Arthur F. Egner* and *Robert H. McCarter.*

The opinion of the court was delivered by

SWAYZE, J. This is an action for conversion of a commutation ticket. The defendants are the railroad company and the conductor who took up the ticket. They justify upon the ground that the plaintiff had allowed other persons than himself to travel thereon, and that, by the terms of the ticket, it was thereby forfeited. The ticket was in the possession of the plaintiff himself at the time. There was testimony on the part of the defendants that two other persons had traveled upon the same ticket a few days before. There was an offer to prove that the plaintiff permitted other persons to ride either on this ticket or similar tickets previous to the occurrence complained of, but this offer was overruled by the trial

judge.  He allowed the plaintiff, over defendants' objection, to prove the conversation and manner of the conductor at the time, and charged the jury that the plaintiff was entitled to recover such damages as might compensate him for the value of the ticket at the time it was taken up, and also such damages as they thought just and proper under the circumstances of the case for injury to his feelings and the ignominy thrust upon him, if they found there was any.  In response to a request of the plaintiff, he charged that if the ticket was improperly taken up, the plaintiff was entitled to the extra cost of going to New York, evidently referring to the day in question.  He refused to charge a request on the part of the defendants that in seeking to determine whether or not there has been a forfeiture of the ticket through the misuse, the jury has a right to take into consideration the evidence of the misuse by the plaintiff of other similar tickets, as indicating a custom or habit in the plaintiff to permit other persons than himself to ride on his ticket.

It is argued on behalf of the plaintiffs in error that it was erroneous to allow recovery of damages for the indignity and ignominy.  The suggestion is that these damages are limited to personal torts and cannot be allowed where the tort is merely the conversion of personal property.  We are unable to see the distinction on principle.  In the case of injuries to the person, indignity and ignominy are the almost necessary accompaniment.  In injuries to personal property the tort would not so often, perhaps not generally, be accompanied with circumstances of indignity and ignominy, but it may be so accompanied, and we think such a case is now presented. There was an altercation between the conductor and the passenger in the presence of other passengers, and it was competent for the plaintiff to prove these circumstances, as he was allowed to do, and it was for the jury to decide whether they amounted to an indignity.  Cases upon the subject do not seem to be very numerous, but the principle is recognized in *Sedgw. Dam.*, § 44.  He cites the case of *Meagher* v. *Driscoll,* 99 *Mass.* 281, where the tort was trespass to real estate. The court said:

"He who is guilty of a willful trespass or one characterized by gross carelessness and want of ordinary attention to the rights of another is bound to make full compensation. Under such circumstances the natural injury to the feelings of the plaintiff may be taken into consideration in trespasses to real estate as well as in other actions of tort. Acts of gross carelessness, as well as those of willful mischief, often inflict a serious wound upon the feelings, when the injury done to property is comparatively trifling. We know of no rule of law which requires the mental suffering of the plaintiff, or the misconduct of the defendant, to be disregarded. Damages in such cases are enhanced not because vindictive or exemplary damages are allowable, but because the actual injury is made greater by its wantonness."

The recovery of damages for mental anguish in actions of libel has been recognized in a recent case in this court. *Knowlden* v. *Guardian Printing Co.,* 40 *Vroom* 670. And the distinction between such mental anguish or mortification and physical illness was pointed out by this court in *Butler* v. *Hoboken Printing and Publishing Co.,* 44 *Id.* 45 (at *p. 50*). In the latter case the plaintiff was denied recovery for damages for the physical illness upon the ground that they were not the natural and proximate consequence of the defamatory words. We think that where the indignity is the natural and proximate result of the conduct of the defendant, damages should be recovered, and in a case where a railroad company takes up a passenger's ticket illegally and in a public manner, with circumstances virtually amounting to an imputation of fraud, a proper case is presented. In this respect we find no error.

The trial judge properly charged that the measure of damages, aside from damages for the indignity, was the value of the ticket. When we added that the plaintiff might also recover the extra cost of going to New York on paying his way, he, in effect, allowed a double recovery, for the value of the ticket would depend upon what it cost to supply its place for the rest of the month for which it was issued, and the charge

permitted the plaintiff to recover damages in addition for the loss on the particular journey which he was then making.

A more serious error was the refusal of the trial judge to charge the request of the plaintiff which we have quoted. The contract printed on the ticket reads as follows, so far as essential to this case:

"That it is not transferable, and if offered by any other than the person to whom it is issued, it will be forfeited and taken up by the conductor."

Such a stipulation, it has been held, is valid and binding. *Eastman* v. *Maine Central Railroad Co.,* 70 *N. H.* 240; *Baltimore and Ohio Southwestern Railroad Co.* v. *Evans,* 169 *Ind.* 410.

We think the proper construction of this contract is that the ticket, if used by any other person than the person to whom it was issued, became thereby forfeited, and that it might be taken up by the conductor, either at the time or at any subsequent time when it was offered, whether by the plaintiff or someone else. *Freidenrich* v. *Baltimore and Ohio Southwestern Railroad Co.,* 53 *Md.* 201.

Such a construction is necessary to the fair protection of the rights of the railroad company under the contract. It may often happen that the ticket may be offered by a person not entitled to use it, and the fraud may not at the time be known to the conductor or the company, and may only be discovered when the ticket is subsequently offered by another person, who may well be the rightful owner. The provision for forfeiture would be of very little value to the company if the right to take up the ticket was limited to the occasion when it was offered by some one other than the owner. We think, however, that the right to forfeit can only arise out of a wrongful act on the part of the owner of the ticket, and that it does not arise merely from the fact that the ticket is offered by a person other than the owner, since that may be done against the owner's will. Where the company insists upon a forfeiture, it therefore becomes important for it to prove not only that the ticket had been offered wrongfully,

but that this had been done with the permission or connivance of the owner. *Mueller* v. *Chicago, &c., Railroad Co.,* 75 *Minn.* 109. Substantially the forfeiture is allowed for a fraudulent breach of the contract.

There would be no difficulty in applying these rules to the present case if the evidence offered and the request to charge had been limited to the ticket in question. As to that ticket there was proof which carried the case to the jury, but the offer and the request related to tickets other than the one which was actually taken up. We think that this evidence also was proper and the request was justified.

In determining whether the wrongful offer of the ticket was with the permission or connivance of the owner, his intent becomes not only relevant but important, and it is very well settled by the authorities that when the intent of a person is relevant, acts and conduct on his part which evince or logically tend to prove his intent are admissible, even though they prove an offence different from the particular offence charged. The question has most frequently arisen in criminal cases, and the rule was well stated by the late Mr. Justice Dixon in *State* v. *Raymond,* 24 *Vroom* 260 (at *pp.* 264, 265). We there recognized the general rule that upon the trial of a person for one crime evidence that he has been guilty of other crimes is not relevant, but we held also that an exception was to be made when the acts charged to be criminal may reasonably be innocent, and are criminal only when performed with a certain intent or with knowledge of a certain fact; in such case other acts of the defendant, though criminal, may be adduced to prove that he had such specific intent or knowledge. Justice Dixon added: "And in general it may be said that whenever the defendant's guilt of an extraneous crime tends logically to prove against him some particular element of the crime for which he is being tried, such guilt may be shown." An early case upon the subject is *State* v. *Robinson,* 1 *Harr.* 507, where, upon the trial of an indictment for uttering a forged note, it was held competent, in order to show a *scienter,* to prove that the prisoner uttered

another forged note on the same bank on the same day, and that, too, in spite of the fact that he had been acquitted on a trial for that offence.  A later case is *State* v. *Snover,* 36 *Vroom* 289, in which the Court of Errors and Appeals sustained a conviction for adultery, where the trial judge had admitted testimony of another act of adultery committed in another county, upon the ground that it proved the relations and mutual dispositions of the parties.

The subject is discussed with great care and with ample reference to the authorities in Professor Wigmore's edition of *Greenl. Evid.,* § 14*q,* where the author carefully points out the distinction between proof of other acts as bearing upon the question of intent and proof of them for the purpose of establishing the commission of the very act to be proved.  The notes are sufficient to show that the same principle is applicable to civil cases.

In the present case there was direct evidence by two witnesses of the use of the ticket by two persons other than the plaintiff.  The fact as to the misuse of other tickets was admissible to show intent, and this error alone would require reversal.  The request to charge should also have been granted.  It was carefully limited to a request that the jury take into consideration the evidence of the misuse by the plaintiff of other tickets, as indicating a custom or habit in the plaintiff to permit other persons than himself to ride on his ticket.  The judge was not asked to charge that the misuse of other tickets would tend to prove the misuse of the ticket in question.  In substance the request amounted to asking for a charge that, assuming that the jury believed the testimony of the two conductors, they could, in determining whether the use of this ticket by the two strangers was a misuse justifying a forfeiture, consider the plaintiff's habit and custom with similar tickets.

For the reasons stated the judgment is reversed.