JENNIE L. COLTON, APPELLEE, v. THE DELAWARE, LACK-
AWANNA AND WESTERN RAILROAD COMPANY, AP-
PELLANT.

Submitted June 8, 1910—Decided November 7, 1910.

1. Plaintiff, through her son, bought and paid for a monthly com-
   mutation ticket containing a stipulation that if it should be
   offered by any other than the person to whom it was issued, it
   would be forfeited and taken up by the conductor. By an error
   of the ticket agent the ticket was made out in the name of "Mr.
   J. L. C." instead of "Mrs. J. L. C." The ticket being presented
   for passage by plaintiff and declared forfeited by the defendant's
   conductor—*Held*, that as between her and the conductor, the name
   entered on the ticket was conclusive evidence of the person to
   whom it was issued, and that she could not maintain an action
   for conversion of the ticket.
2. The case of *Harris* v. *Delaware, Lackawanna and Western Rail-
   road Co.,* 48 *Vroom* 278, distinguished.

On appeal from the District Court.

Before Justices PARKER and BERGEN.

For the appellant, *Max M. Stallman.*

For the appellee, *Raymond, Mountain & Van Blarcom.*

The opinion of the court was delivered by

PARKER, J. The suit is for damages for conversion of a
monthly commutation ticket over defendant's railroad. The
ticket was paid for by plaintiff, but the purchase at the ticket
office was made for her by her son, who gave her name to the
agent, but by a mistake of the agent her name was entered on
the ticket as Mr. J. L. Colton. She used it that day without
challenge, but the next day on the outward trip the conductor
took it up and later restored it to her with the understanding
that the error should be rectified. On the homeward trip
another conductor took it up for good. The reason given by

both conductors was that "Mr. J. L. Colton" designated a man, and that the presentation of the ticket by a woman was a violation of the forfeiture clause endorsed thereon. The trial judge instructed the jury that plaintiff was entitled to recover if no one but herself ever rode on the ticket, and that she was entitled by way of damages not only to the value of the ticket but to damages for ignominy and injury to her feeling by reason of the acts of the conductors. There was a verdict and judgment for the plaintiff.

Our examination of the case leads us to the conclusion that plaintiff has mistaken her remedy. The case of *Shelton* v. *Erie Railroad Co., 44 Vroom* 558; *9 Am. & Eng. Anno. Cas.* 883, settled the law in this state as to the rights of a passenger to ride on a ticket that on its face is invalid. It was there held that as between the passenger and the conductor, conclusive force is to be given to the intrinsic effect of the ticket to pay his fare, as expressed on its face. If, therefore, the ticket in question entitled only Mr. J. L. Colton to ride, and Mrs. J. L. Colton, attempting unsuccessfully to ride on it, and refusing to pay fare, had been put off the train, she would have had no right of action for the ejection, even if she had bought and paid for the ticket, for she could not require the conductor to recognize and atone for the error of the ticket agent who sold her an invalid ticket. *S. C., pp.* 564, 568. We think it logically follows from this decision that if the language of the ticket justified the conductor in taking the additional step of confiscating the ticket itself, plaintiff is not entitled to recover against the company for this act by this particular agent. This brings us to the wording of the ticket. It reads: "This ticket will entitle Mr. J. L. Colton to sixty rides on continuous trains," &c. On the back is a rather long agreement by the purchaser, but the first clause only need be quoted.

"1. That it is not transferable, and if offered by any other than the person to whom it is issued, it will be forfeited and taken up by the conductor."

We are clearly of opinion that the phrase "person to whom it is issued" is synonymous with "person named on its face." Any other construction would reduce the special contract to an absurdity and deprive the company of all protection against promiscuous transfer of such tickets. Reading the ticket·in this way, we find a woman presenting a ticket on its face issued to a man—a situation capable of no explanation to a conductor except that the name was erroneously entered thereon; but this presents a situation precisely analogous to that in the Shelton case, in which the agent sold a limited ticket when it should have been unlimited; with the additional stipulation on the ticket in this case that it shall be itself forfeitable. The validity of the forfeiture clause is settled in this court by the case of *Harris* v. *Delaware, Lackawanna and Western Railroad Co.*, 48 *Vroom* 278.

It is claimed that this last case is authority to the contrary of our present view because it holds that the right to forfeit can only arise out of a wrongful act on the part of the owner of the ticket. But we think the case at bar does not fall within that rule because the very question here is, who is to be considered the owner of the ticket. There was no error in making out the ticket in the Harris case, and the suit was by the owner named thereon. What we are now deciding is that when Mr. J. L. Colton was named as the person to whom the ticket was issued, he was the "owner" as between a conductor and any one presenting the ticket for passage. If "Mr. J. L. Colton" was a myth, the ticket was simply invalid *in toto*. In either case Mrs. Colton is in the position, not of Harris, who owned his ticket, but of a stranger attempting to ride on some other person's ticket. If she did not get what she paid for and was misled into an honest attempt to ride, ending in an altercation with the conductor, her remedy, as intimated in the Sheldon case, *ubi supra*, is an action for damages arising out of the negligence of the ticket agent.

It is said that on account of partial illegibility in the name it was a jury question whether "Mrs. J. L. Colton" was not written thereon. If so, the judge could not have nonsuited

or directed a verdict for defendant; but he was requested to charge as follows, and refused to do so:

"6. That the words 'if offered by any other person than the person to whom it is issued' contained in section 1 of the conditions on the back of the ticket, have reference only to the person whose name is actually filled in and appears on the face of the ticket, and that the mere fact that the ticket is purchased by one person, if the ticket is not made out or issued in his or her name, does not entitle the purchaser of said ticket to ride on it, if the said purchaser's name does not appear on the face of the ticket when it is shown to whom issued.

"10. If the jury believe that the plaintiff herein purchased the ticket in question and the same was made out to Mr. J. L. Colton, and presented by the plaintiff herein or by some one for her or on her behalf, for her passage, then by the terms and effect of the ticket, it was forfeited if it was presented by the plaintiff or anyone for her or on her behalf for her passage, and the plaintiff herein cannot in this action recover for the conversion of said ticket."

There were other requests, but these two sufficiently indicate the theory of the defence, which we think was correct. No. 6 relates more particularly to the right of riding on the ticket; but No. 10 is directly on the point, and should have been charged.

Let the judgment be reversed and the cause remanded for a new trial.