JOSEPH HARRIS, DEFENDANT IN ERROR. v. DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY ET AL., PLAINTIFFS IN ERROR.

Submitted March 27, 1911—Decided March 5, 1912.

1. The owner of a railroad commutation ticket who surrenders it to the conductor of a train for the sole and momentary purpose of punching out a trip number and handing the ticket back, retains such a legal possession of the ticket as will support an action of trespass *de bonis asportatis* in a case of wrongful conversion of the ticket by the conductor.

2. In such case compensatory damages for indignity accompanying the conversion may be recovererd.

3. Evidence of a conversation about the ticket between a conductor of the railroad and another person than the plaintiff, claimed to have been in possession of the same ticket, on another occasion and not in plaintiff's presence, *held*, properly excluded.

4. Evidence of a conversation about the ticket in plaintiff's presence, on the occasion when the ticket was taken up and converted, between the conductor that took it up and a third party —*Held*, properly admitted as part of the *res gestæ*.

On error to the Supreme Court.

The action was brought in the Morris Common Pleas and the plaintiff had a verdict and judgment which was removed by writ of error to the Supreme Court, and there reversed and the cause remanded for new trial. *Harris* v. *Delaware, Lackawanna and Western Railroad Co.*, 48 *Vroom* 278. Upon a second trial the plaintiff again was successful and the judgment was again removed by writ of error to the Supreme Court which affirmed the judgment below in the following *per curiam* opinion:

"*First.* The instruction of the trial court to the jury upon the question of the measure of damages was in accordance with the rule laid down by this court when this case was before us for review on an earlier trial; no other course was open to the trial judge. We are not prepared to overrule our decision in the earlier case.

"*Second.* The refusal of the trial court to permit evidence to be introduced of a conversation between one of the defendant company's employes, a conductor named Thompson, and a person who was said to have used the plaintiff's commutation ticket on an occasion prior to the date when it was taken from him, was proper. In our opinion that conversation was no part of the *res gestæ;* it did not take place in the presence of the plaintiff, and was not connected with the transaction which was the subject-matter of the present litigation.

"*Third.* The admission in evidence by the trial court of a conversation between the conductor who lifted the plaintiff's commutation ticket and a man named Smith, and which took place in the presence of the plaintiff at the time when his ticket was taken up, was a part of the *res gestæ* and was properly admitted.

"The judgment under review will be affirmed."

The case now comes before this court on a writ of error from the judgment of the Supreme Court.

For the plaintiffs in error, *McCarter & English.*

For the defendant in error, *Elmer King.*

The opinion of the court was delivered by

PARKER, J.  Upon the second review in the Supreme Court the question whether damages were recoverable for the indignity and ignominy to which plaintiff claimed to have been subjected at the time his ticket was taken up, was again argued and the Supreme Court followed its previous ruling.

The question has been further argued in this court on the present writ of error, and after full consideration, we are of opinion that there was no error in the ruling of the trial court or of the Supreme Court in this regard.  The language of the Supreme Court, in its first opinion, that the action was for conversion of the ticket should not be understood as meaning that it was an action of trover.  The declaration, while not framed in the technical language of the old precedents, sounds plainly in trespass *de bonis asportatis,* and if the jury was entitled to find such a case made out on the evidence, the question would then be whether compensatory damages for indignity were proper to be awarded.

Our examination of the case satisfies us that under the evidence a verdict as for a trespass was justified.  The ticket was a commutation ticket and left the hand of the plaintiff for the sole and momentary purpose of permitting the conductor to punch and return it.  Indeed, the plaintiff might well have retained his hold on the ticket while it was being punched.  We consider that it no more left his legal possession than if he had retained such hold; and that the action of the conductor in retaining it and declaring it forfeited under the circumstances was as much a trespass as if he had snatched it out of plaintiff's hand.

This point once settled, the question of damages is simplified, for the authorities are as one that in the action of trespass, which is based on the taking being violent in contemplation of law, compensatory damages are recoverable for humiliation and indignity accompanying the wrongful act.

Two questions of evidence were also presented and were disposed of in the *per curiam* opinion of the Supreme Court above set forth.  As to these questions we concur in the view

of the Supreme Court and deem it unnecessary to add anything to the opinion above quoted.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, GARRISON, SWAYZE, TRENCHARD, PARKER, MINTURN, BOGERT, VREDENBURGH, CONGDON, JJ. 9.

*For reversal*—None.