IDA H. GERETY, PLAINTIFF-RESPONDENT, v. THE NEW YORK AND NEW JERSEY RAILROAD COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Submitted March 27, 1916—Decided June 19, 1916.

1. It is error in law, if, in the charge of a judge to a traverse jury, a fact of moment clearly connected with the merits of the case is said to be in proof, when there is no testimony to support the assertion; and this in a civil as well as a criminal case.

2. A railroad conductor took up a commutation ticket presented by *Miss* I. H. G., which was issued in the name of *Mr.* I. H. G. She sued to recover damages resulting from the failure of the company's ticket agent to deliver to her a commutation ticket for which she had asked and paid. There was no testimony whatever which tended to show any commotion in the car or that the plaintiff was made a spectacle of when the conductor took up the ticket. *Held*, that the trial judge erred in charging the jury that the plaintiff was entitled to recover for indignity inflicted upon her in having the ticket taken away. *Held, further*, that, in the absence of proof of indignity or the like, the true measure of damages was the value of the ticket in question at the time it was taken up.

---

On appeal from the Supreme Court, whose opinion is reported in 88 *N. J. L.* 16.

For the appellant, *Collins & Corbin.*

For the respondent, *Patrick Henry Maley.*

The opinion of the court was delivered by

WALKER, CHANCELLOR.    This is an appeal from a judgment of the Supreme Court affirming a judgment of the District ·Court of the Third Judicial District of Bergen county on the verdict of the jury in favor of the plaintiff-respondent. The plaintiff sued the railroad company to recover damages resulting to her from the failure of its ticket agent to deliver to her a commutation ticket for which she asked and paid, and for delivering to her a commutation ticket that read *Mr.* I. H. Gerety, instead of *Miss* I. H. Gerety, which ticket, while riding on one of defendant's trains, was presented by her to the company's conductor, who took it up.  The action .is not one. for the taking up of the ticket or refusal by the conductor to permit her to ride upon its train, but, as already stated, for damages for failing to deliver to her the ticket for which she had asked and paid.

.  Two reversible errors are perceived in the charge to the jury by the trial judge: (1) in the instruction that the plaintiff was entitled to recover for the indignity which she suffered by having the ticket taken away from her and for the feelings of distress and mental anguish that came from her being made -a public spectacle, when, in fact, there was no evidence to justify such a finding, and (2) in his instructions as to the measure of damages generally.

i 1. On the subject of the alleged indignity and wounded feelings, the court charged as follows:

"Now, she is entitled to recover   *   *   *   for the indignity which she suffered by having that ticket taken away from her.   She is entitled to recover for her feelings of distress and mental anguish that came from her being made a public spectacle, without the conductor saying anything to her, by the mere taking of the ticket away from her caused some com-

motion in the car and beside that she is entitled to recover for a continuation of those feelings."

There is not a word of testimony in the record which shows that at the time the conductor took up the ticket the plaintiff was made a spectacle of to others on the car, or that the taking away of her ticket caused any commotion whatever. For aught that appears she was the sole and only passenger in the particular car in which she was riding and the conductor merely, upon inspecting her ticket and finding that it was made out in the masculine instead of the feminine gender, took it up and collected her fare. In this situation of the proofs not only was the trial judge not warranted in charging that the plaintiff was entitled to recover for indignity suffered and for feelings of distress and mental anguish, but was further not justified in didactically asserting to the jury in effect that she was made a public spectacle of, and that the mere taking away of her ticket caused some commotion in the car.

In *Smith and Bennett* v. *State,* 41 *N. J. L.* 370, this court held:

"It is error in law if, in the charge of a judge in a criminal case, a fact of moment clearly connected with the merits is stated to be in proof, when such fact has neither testimony nor the color of testimony to support it."

It must not be understood that the doctrine thus enunciated is confined to criminal causes. The case there under consideration was of that character and was on writ of error to the Hudson Oyer and Terminer. In writing the opinion of the court, Chief Justice Beasley observed (at *p.* 385) :

"It has already been said that it is competent for the judge presiding at a criminal trial to lay before the jury for their consideration his own views and inferences from the proofs, and that such expressions, no matter how ill-advised or erroneous, can be reviewed on a motion for a new trial, but not on a writ of error; but the defect in this case is that a story is imputed to this defendant, and put in her lips, which she never uttered, and thus a fact, of the utmost importance, is,

by unguarded expressions, imported into the testimony, and the introduction among the proofs of such foreign admixture must of necessity be held to constitute error in law."

In *Camden and Atlantic Railroad Co.* v. *Williams,* 61 *N. J. L.* 646, 652, an action for damages by reason of death resulting from accident, it was held that where a material fact is stated as being in proof when there is no evidence at all to support the statement, there is legal ground of error, citing *Smith and Bennett* v. *State, supra,* as authority. And thus it appears that the doctrine is equally applicable in a civil suit.

2. On the question of the measure of damages generally the trial judge charged the jury as follows:

"Now, gentlemen, you are not to fix this verdict large because this is a railroad company that has to pay, neither must you fix it small. But you must fix it for what you think is a fair and reasonable basis that would compensate this plaintiff for the money she has paid out and the mental suffering she has had because of this mistake and careless act of the agent of the railroad company; if you find that the agent was careless, and providing you find that she used reasonable care so as to ascertain there was a mistake or not; and if you find that she did that, then you find your verdict for such an amount, in addition to the amount she paid out and use your judgment. Take the matter and consider it carefully and weigh it in such a way that the verdict will square with your conscience; so that you deal, not only justly with the plaintiff, but with the railroad company."

Here was a positive instruction that the jury were not to return a large verdict because the defendant was a railroad company, and that they *must* not return a small one. This was not cured by following it with an instruction that the jury should fix what they thought fair and reasonable compensation for the plaintiff for money paid out and mental suffering. This must only have served to confuse the jury. If in their deliberations they thought that a small amount would compensate the plaintiff, still, under the charge, they

could not return such a verdict, for they were expressly told that they *must* not award a small amount.

In *State* v. *Lang,* 87 *N. J. L.* 508, this court said (at *p.* 514):

"In *Huebner, Administrator,* v. *Erie Railroad Co.,* 68 *N. J. L.* 468, where the judge instructed the jury as requested upon a certain question, but so modified that request by other instructions as to likely mislead the jury and thereby harm the defendant, a new trial was granted. That was a civil suit. The rule will be applied with equal, if not greater, liberality in a criminal case."

Miss Gerety, in purchasing her commutation ticket on the New York and New Jersey Railroad Company for the month of August, 1914, presented a $10 bill to the agent of the company and received the ticket in question and change (amount not stated) and used the ticket for rides up to the 29th day of August when, for the first time apparently, the conductor noticed that it was made out to a *Mr.* instead of a *Miss,* and took it up and collected fifty cents from her.

*Harris* v. *Delaware, Lackawanna and Western Railroad Co.,* 77 *N. J. L.* 278, was an action for conversion of a commutation ticket. It was taken up by the conductor because, as he asserted, the plaintiff had permitted others to travel upon it in violation of one of its terms. The trial judge charged the jury that the plaintiff was entitled to recover such damages as might compensate him for the value of the ticket at the time it was taken up, and also such damages as they thought just and proper under the circumstances of the case for injury to his feelings and the ignominy thrust upon him if they found there was any. The plaintiff proved there was an altercation between the conductor and him in the presence of other passengers, and the Supreme Court held that it was for the jury to decide whether they amounted to an indignity; and also held that the trial judge properly charged that the measure of damages, aside from damages for the indignity, was the value of the ticket. The judgment in that case, however, was reversed on other grounds, and, on

a review of a judgment for the plaintiff on a second trial, the Supreme Court adhered to the rule laid down in the former case as to the measure of damages. *Harris* v. *Delaware, Lackawanna and Western Railroad Co.,* 82 *N. J. L.* 456, 457. And this judgment was affirmed. *Ibid.* 458. The only question as to damages argued in this court, in that case, apparently was, as to whether or not the charge permitting recovery for indignity and ignominy was correct. It must have been conceded that in the absence of the infliction of indignity the measure of damage was the value of the ticket. And that, in our opinion, is the law.

Now, as already shown, the case at bar differs from that of *Harris* v. *Delaware, Lackawanna and Western Railroad Co., supra,* in this, that in the latter there was evidence of indignity, while in the former—the one under discussion—there was no such evidence. Therefore, the damages in this case should have been limited to the value of the ticket in question at the time it was taken up.

The judgment must be reversed to the end that a *venire de novo* may be awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, PARKER, BERGEN, MINTURN, KALISCH, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ.   12.