PHILIP JIANNINE, PLAINTIFF-APPELLEE, v. THE PENN-
SYLVANIA RAILROAD COMPANY, A BODY CORPORATE.
DEFENDANT-APPELLANT.

Submitted January 17, 1939—Decided April 13, 1939.

Before Justices TRENCHARD, PARKER and PERSKIE.

For the appellant, *John A. Hartpence.*

For the appellee, *Parsons, Labrecque & Borden (Theodore J. Labrecque,* of counsel).

The opinion of the court was delivered by

PERSKIE, J.   Appellant, defendant below, appeals from a judgment of $200.47 plus costs of $25.37, based upon a jury verdict, in favor of appellee, plaintiff below.

This is a tort case.   Generally stated, plaintiff's state of demand alleges that, on March 25th, 1938, he was a passenger in defendant's train en route from New York to the borough of Red Bank, New Jersey; that he was entitled to be transported by virtue of a ticket known as a trip or commutation ticket; that while he was so traveling, defendant, by its agent or servant, publicly and in a humiliating manner, took and carried away the said ticket and refused to return it to him unless he paid an additional fare for passage over its railroad; that as a direct and proximate result thereof he

was humiliated and was subjected to infamy and disgrace, and that his feelings were injured, and his veracity and honesty were caused to be doubted, for all of which he sought damages.

The proofs disclose substantially the following situation: Plaintiff was an established merchant and resident of Red Bank. He was and had been for many years a commuter between Red Bank and New York, using defendant's trains. On March 25th, 1938, he boarded defendant's train at the Pennsylvania station, uptown New York, at five-fifteen P. M., en route to Red Bank. For this trip he needed two tickets; one from uptown to downtown New York, and the other from downtown New York to Red Bank. Being a commuter, he had a ten-trip supplemental ticket for his trip from uptown to downtown New York, and a fifty round trip commutation ticket for the trip from downtown New York to Red Bank.

It is well to observe that on the face of the ten-trip supplemental ticket is printed, among other things, the following: "Good only in connection with ticket valid to or from New York (Ferry Stations or Hudson Terminal) N. Y. and station indicated by punch cut within one month in addition to date canceled. Subject to tariff regulations." In the second blocked space of the right-hand corner of the same ticket is printed the following: "12 and 60 Trip. Red Bank."

On the day in question plaintiff offered the trainman his ten-trip supplemental ticket together with his fifty-trip commutation ticket. The latter was unquestionably a valid ticket to and from New York ferry stations or Hudson terminal. The trainman, however, refused to accept the ten-trip supplemental ticket because, as defendant now claims, this ticket, by virtue of tariff regulations, is only to be issued in connection with a twelve or sixty-day trip commutation ticket. The trainman said to plaintiff: "You can not use this ticket. You have to pay fifteen cents." He said it in a loud tone of voice as a result of which the eyes of the other passengers centered on plaintiff. He was embarrassed, his face turned red and he felt ashamed. Plaintiff asked to see the conductor.

The trainman left with the ticket; the conductor did not appear. But before reaching Red Bank plaintiff located the conductor. Incidentally, this very conductor was one who had previously sold plaintiff one of these ten-trip supplemental tickets. Plaintiff had on several prior occasions (at least three) purchased this ten-trip supplemental ticket and used it in conjunction with his fifty-trip commutation ticket without objection on the part of defendant or its employes. In order to avoid further embarrassment plaintiff paid the fifteen cents to obtain the ticket and the ticket was returned to him. On the back thereof was this statement: "Tendered with fifty-trip ticket. Refused to pay." Plaintiff being ashamed did not return to his original seat but completed his trip in a different car. It is agreed that the supplemental ticket cost eighty cents; and four-tenths thereof was unused when it was taken away from plaintiff by the trainman.

Defendant's motions to nonsuit and to direct a verdict were denied. The jury, as indicated, returned a verdict of $200.47. Defendant argues three grounds in support of its claim that the judgment based on the aforesaid verdict is erroneous.

*First:* It is argued that there was no conversion by the trainman of the ten-trip supplemental fare ticket and that his action was in accordance with the requirements of law. This argument is predicated upon the premise that by the tariff regulations plaintiff was obliged to surrender that ticket to the conductor or collector "for cancellation upon each trip and for *examination whenever requested.*" The claim made here is that the ticket was taken by the trainman "to the conductor for examination because plaintiff said he wished to see the conductor." The respective rights of a holder of a commutation ticket and those of a conductor or collector thereof are well defined. The holder of the ticket parts with it "for the sole and momentary purpose of permitting the conductor (or collector) to punch it and return it." Plaintiff "might well have retained his hold on the ticket while it was being punched." Thus while actually the ticket leaves the owner thereof for the stated purpose, yet legally it remains in his possession as "if he had retained such hold." If therefore the ticket is retained or forfeited it is "as much a trespass

as if the conductor or collector had snatched it out of plaintiff's hand." *Harris* v. *Delaware, Lackawanna and Western Railroad Co.,* 82 *N. J. L.* 456, 458; 82 *Atl. Rep.* 881. It was, therefore, under the proofs adduced, for the jury to determine whether the ticket was taken and carried away merely for the stated purpose of showing it to the conductor or whether the proofs established a wrongful taking and a wrongful detention constituting, within the scope of the broad language of the state of demand, a trespass *de bonis asportatis.* The case was in fact tried and submitted to the jury on that theory. And if the jury determined, as it apparently did, that defendant's act was wrongful, it could properly award compensatory damages for humiliation and indignity accompanying the wrongful act. *Harris* v. *Delaware, Lackawanna and Western Railroad Co., supra.* Compare same case in 77 *N. J. L.* 278; 72 *Atl. Rep.* 50 (reversed on other grounds); *Delaney* v. *Erie Railroad Co.,* 97 *N. J. L.* 434; 117 *Atl. Rep.* 395.

*Second:* Did the trial court, however, commit reversible error, as defendant claims it did, in its charge as to damages? We think so. Under the proofs, if the jury concluded plaintiff was entitled to damages, it is clear that the measure of damages, "aside from damages for the indignity, was the value of the ticket." *Harris* v. *Delaware, Lackawanna and Western Railroad Co., supra* (at *p.* 281 of 77 *N. J. L.*); *Gerety* v. *New York and New Jersey Railroad Co.,* 89 *Id.* 175 (at *p.* 180); 98 *Atl. Rep.* 400; *Delaney* v. *Erie Railroad Co., supra* (at *pp.* 437, 438). And the trial court so charged in the first instance. But the trial court concluded the charge with the following addition: "You could bring in one of several verdicts. First, of course, you could bring in a verdict under the evidence in favor of the plaintiff and against the defendant for the fifteen cents which he was obligated to pay. Another verdict you could bring in would be for four-tenths of eighty cents, which is the unused portion of the ticket, and you may or may not believe that he would be entitled to those actual damages proven, plus damages for the humiliation that he suffered, if any."

This charge is subject to the same vice pointed out in *Harris* v. *Delaware, Lackawanna and Western Railroad Co.,*

*supra* (at *p.* 281 of 77 *N. J. L.*). Here, as in that case, the jury could, and did, under the additional charge complained of, permit plaintiff to recover the extra cost of going from uptown to downtown New York on paying his way. Plaintiff, therefore, as pointed out by Mr. Justice Swayze in the last cited case, was "in effect, allowed a double recovery, for the value of the ticket would depend upon what it cost to supply its place for the rest of the month for which it was issued, and the charge, as indicated, permitted plaintiff to recover damages in addition for the loss on the particular journey which he was then making." The charge is erroneous.

*Third:* But even more serious is the challenge to that portion of the charge which is as follows:

"In this case Mr. Jiannine has testified that he purchased from one of the railroad's employes, a ticket which was supposed to entitle him to transportation between the Pennsylvania station and downtown New York, in connection with the other ticket which he possessed. I charge you that the railroad company was under an obligation with respect to the acts of its ticket seller to deliver to Mr. Jiannine the ticket which he asked for, and paid, and if the railroad failed to do this whether through its own fault or the fault of its agent, the railroad company is liable to the passenger for the damages that resulted from the mistake of its agent."

While this charge is an accurate statement of the law (*Shelton* v. *Erie Railroad Co.*, 73 *N. J. L.* 558 (at *pp.* 564, 565); 66 *Atl. Rep.* 403), plaintiff's pleaded right of action was not based upon defendant's failure to deliver to him the ticket for which he asked and paid for. The cause was not tried and should not have been submitted to the jury upon any such theory. The testimony as to the type of ticket purchased by plaintiff from defendant and previously honored by the latter went merely to the question as to whether defendant illegally took and retained same. In other words, it was testimony in support of the pith of the action which, as already stated, was for the resultant damages flowing from the trespass *de bonis asportatis.*

The trial court, however, treated that testimony as if plaintiff's cause of action was to recover damages for defendant's

mistake in not selling him the ticket which he asked and paid for. The cause was not so bottomed. The charge is erroneous.

Judgment is reversed, to the end that a new trial be had; costs to abide the event.