Norma Fengler, Plaintiff, *v.* Kurt Fengler, Defendant.

Supreme Court, Special Term, New York County, August 10, 1943.

*John J. Bennett,* designated to receive summons, et cetera, for motion.

*Albert Stern* for plaintiff.

Valente, J.  The movant, an attorney, was designated by order of this court to receive a copy of the summons and complaint and to examine into the cause and take steps to properly protect the rights of the defendant.  The action is brought by the wife for an absolute divorce from the defendant husband, a resident of Germany.  The appointment was by order, which

directed the service of the summons and complaint by publication, but which dispensed with the mailing of the summons to the defendant because presently there is no postal communication between the United States and Germany as the result of the state of war which exists between the countries. In accordance with rule 50 of the Rules of Civil Practice, the order further provided that the papers be mailed to the Secretary of the Treasury and the Alien Property Custodian. The latter, upon receipt of the order, wrote to the plaintiff's attorney that he had examined the complaint but since it appeared that no property interests were involved " the Alien Property Custodian is without interest and in which he will take no action."

It would appear that if anyone is to protect the rights of a defendant husband in a belligerent country, it must of necessity be the person designated by the court to serve in that capacity. In *Rosenblum* v. *Rosenblum* (181 Misc. 78) Mr. Justice HAMMER, after referring to the Rules of Civil Practice, said: " This in my opinion should be done by also appointing a person designated by the court to receive a copy of the summons, complaint and papers * * * to enable such person to protect properly the rights of such defendant * * *." The opinion in the *Rosenblum* case is distinctly limited to an expression of a general rule. It does not establish, nor does it propose to lay down, the procedural details to be followed by the person designated. It is with respect to these details that the person designated has presented to the court a series of questions and requested instructions.

It is clear, if not conceded, that the avenues ordinarily open for notifying a defendant of the institution of an action are closed owing to the existence of a state of war. It therefore becomes necessary to determine whether or not a divorce action, personal in nature, may proceed to trial and judgment rendered upon service of process on a person designated to receive service of said process, where the defendant's residence is known but he is incommunicado. Can the person designated, under such circumstances, adequately protect the interests of a defendant, and if so, how? Admittedly, acceptance of process by the person designated, unaccompanied by affirmative steps on his part designed to afford protection, could hardly be regarded as proper protection of the rights of the defendant as directed in and contemplated by the order. Service by publication is

authorized in divorce actions by subdivision 5 of section 232 of the Civil Practice Act. Rule 50 of the Rules of Civil Practice specifies the contents of the order for service by publication and permits the court to dispense with the mailing where it is shown that " with reasonable diligence the plaintiff cannot ascertain a place or places where such defendant * * * probably would receive matter transmitted through the post-office, * * *." It would appear that this provision is applicable where the plaintiff is without knowledge of defendant's whereabouts. Where, however, a plaintiff is aware of the whereabouts of a defendant, the court may not dispense with the mailing of the summons to such defendant except that (by 1942 amendment) " When it appears * * * that the defendant is within a country with which the United States of America is at war, or in a place with which, by reason of the existence of a state of war, the United States of America does not maintain postal communication, the order may dispense with the mailing of any papers to such defendant and, in lieu thereof, shall direct that such papers be mailed to the Secretary of the Treasury * * * on behalf of such defendant."

Both by statute and rule various safeguards have been devised to afford legal protection to defendants in matrimonial cases. The reasons are so obvious that they need not be restated. To permit the plaintiff to proceed with the trial of an action, having for its object the dissolution of the marital bonds under the circumstances here presented, would be tantamount to a declaration that a valid decree of divorce could be obtained without bringing to the notice of a defendant the pendency of the action. The court must assume that the Secretary of the Treasury, like the Alien Property Custodian, is concerned principally, if not exclusively, with the property interests of aliens and those in foreign countries during a state of war. It is difficult to conceive on what theory either of these officials would be concerned with the defense of the interests of a defendant in a divorce action. The question of jurisdiction is nowhere more important than in this type of case. For a judicial tribunal to maintain that a divorce decree might be procured by service of process upon the Secretary of the Treasury, or a special guardian of a defendant who, by reason of the existence of a state of war, cannot be informed of the commencement of the suit or interpose a defense, would be equivalent to a declaration that a judgment of divorce could be obtained on *ex parte* application. To sanction such a procedure would constitute a most radical departure in our system of juris-

prudence and establish a most dangerous rule. Unfortunately, no precedent has been submitted that might chart the course. Notwithstanding the language of rule 50, I do not believe it was the intent of the framers of the rule to permit mailing of process to a defendant to be dispensed with in the circumstances here disclosed.

The court is of the opinion that the moving party cannot appear generally or answer, but that he should apply to have the time to appear or answer extended until three months after the war has ended and postal communication is re-established with the country in which the defendant may then be. Question No. 2 is therefore answered in the affirmative to the extent indicated. Question No. 8 is answered in the negative. In view of the disposition made, the other questions need not be decided.

The court recognizes the fact that this determination will inevitably impose hardship upon the plaintiff, but any other disposition, in my belief, would be destructive to our long-established jurisdictional concept and would be violative of our public policy. Settle order.