144 N.J. Super. 74 (1976)
364 A.2d 572
ANTHONY FIORE, PLAINTIFF,
v.
SEARS, ROEBUCK AND COMPANY, ALBERT MONGELUZZO AND ROBERT BERRY, JR., DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided August 20, 1976.
*75 Mr. Michael Vannella for plaintiff (Messrs. Lipman, Antonelli, Batt & Dunlap, attorneys).
Mr. Bennett I. Bardfeld for defendant Sears, Roebuck and Company.
MILLER, J.C.C., Temporarily Assigned.
This is an action wherein defendant moves for summary judgment on one of four counts of a complaint on the grounds that the count fails to state a cause of action. This count alleges that plaintiff has undergone extreme mental anguish as a result of (1) *76 defendant's failure to conform to its guarantee with respect to the installation of a roof and the multiple efforts made by him to have the defects corrected, and (2) the manner in which the claim has been handled and the harassment to which he has been subjected.
The basic issue is whether damages for mental suffering are properly considered in a case regarding breach of contract. The general law is as follows:
In actions for breach of contract, damages will not be given as compensation for mental suffering, except where the breach was wanton or reckless and caused bodily harm and where it was the wanton or reckless breach of a contract to render a performance of such a character that the defendant had reason to know when the contract was made that the breach would cause mental suffering for reasons other than mere pecuniary loss. [Restatement, Contracts, § 341 at 559 (1932)]
The Restatement notes that such damages are appropriate when the breach is wanton or reckless and the harm was foreseeable when the contract was made.
Williston states that mental suffering is always considered where exemplary damages are allowed and in other cases in which an element of a tort exists. He notes that most courts go further than this and will award damages when the breach is wanton or reckless and the harm was foreseeable when the contract was made. 11 Williston, Contracts (3 ed. 1968), § 1341 at 215.
As a matter of basic justice, when one can at the time of contracting reasonably foresee mental suffering resulting from his breach of contract, he ought to be liable in damages if his actions are either willful or reckless.
Moreover, some jurisdictions have considered cases in which the breach often could not be termed "willful," but in which the natural consequences of the breach could reasonably be foreseen to include mental suffering. One may easily envision the application of this rule as including situations as, for example, one in which there is a failure to perform an agreed-upon Caesarean section when a stillbirth resulted, *77 failure to deliver a bride's trousseau before her wedding, harassing collection techniques, using defective materials to repair a leaking roof, or similar cases. See 11 Williston, op. cit., § 1341 at 216-218. The alternative is to deny a remedy to an injured party, a result abhorrent to the law and antagonistic to the ability of the common law to adapt itself to an evolutionary development and to grow with the times. La Stella v. Garcia Estates, 66 N.J. 297, 305 (1975); Columbia Broadcast. System v. Melody Recordings, 134 N.J. Super. 368, 382 (App. Div. 1975).
Since mental suffering is not normally available in the usual breach of contract situation (absent wanton or reckless misconduct or if the actor knew or should have known that his conduct would cause such results) it is apparent that mental suffering is not compensable by reason of defendant's failure to conform to its guarantee with respect to installation of a roof and for multiple efforts made by him to correct the defects as alleged herein. What is alleged here is nothing more or less than the normal breach of contract situation. Summary judgment will therefore be entered dismissing such allegations for failure to state a claim upon which relief can be granted.
The remaining allegation refers to "the manner in which the claim has been handled and the harassment to which the plaintiff has been subjected". One can readily conceive of situations where conduct of a defendant might be such as to justify the award of damages of this type. These, however, charge tortious conduct, not breach of contract. The motion as to this allegation is premature. Defendant should either (a) move for a more definite statement under R. 4:6-4, or (b) develop the matter by means of the discovery process. The former course is the better practice, but one or the other must be pursued before the motion for summary judgment ripens.
As to such allegation, the motion for summary judgment is denied without prejudice to its renewal at the proper time.