153 N.J. Super. 79 (1977)
379 A.2d 57
MARIA MUNIZ AND JAIME MUNIZ, PLAINTIFFS-APPELLANTS,
v.
UNITED HOSPITALS MEDICAL CENTER PRESBYTERIAN HOSPITAL, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 15, 1977.
Decided October 5, 1977.
*80 Before Judges BISCHOFF, KOLE and GAULKIN.
Mr. Adrian I. Karp argued the cause for appellants.
Mr. Gerald W. Conway argued the cause for respondent (Messrs. Conway, Reiseman, Michals, Wahl, Bumgardner & Hurley, attorneys; Mr. Daniel M. Hurley of counsel; Mr. George R. Hardin on the brief).
PER CURIAM.
In a reported opinion, 146 N.J. Super. 512 (Law Div. 1976), the trial judge granted a judgment dismissing a complaint by parents seeking damages against defendant hospital allegedly resulting from the hospital's method of informing them as to the death of their baby and its failure to locate the baby's body or confirm its death during a period of three weeks.
The first count of the complaint in effect alleged negligence or malpractice on the part of the hospital with respect to its conduct concerning the child's corpse. It claimed damages *81 predicated on the fact that plaintiffs, by reason of such conduct, "were subjected to intense, prolonged and unrelating emotional anguish, distress and anxiety which plagued them down to the filing of" the complaint. The second count incorporated the allegations of the first count and claimed that the hospital's conduct was outrageous and involved such gross and wanton negligence as to constitute intentional infliction "of mental and physical suffering" to plaintiffs. This appeal followed.
The trial judge essentially held that the first count alleging negligence or malpractice constituted an endeavor to expand tort liability in negligence cases beyond that permitted in Falzone v. Busch, 45 N.J. 559 (1965). That case held that recovery of damages for emotional distress in an automobile negligence case was allowable where the resulting fright was occasioned by a reasonable fear of immediate personal injury  i.e., a reasonably apprehended physical impact on the person  producing substantial bodily injury or sickness and where such injury or sickness would have been compensable had it occurred as a consequence of direct physical injury rather than fright. See Caputzal v. The Lindsay Co., 48 N.J. 69, 73-74 (1966). The trial judge was not persuaded that a different rule should obtain under the facts alleged in the first count by reason of the fact that the case involved a dead body. He also concluded that the second count, which alleged both mental and physical suffering to plaintiffs as a result of the hospital's conduct, did not set forth a legal claim for relief.
We reverse and remand for further proceedings. The judge took a too limited view of the claims for relief predicated on the facts alleged. Moreover, his dismissal of the complaint was premature.
Before determining the significant question of the hospital's liability to plaintiffs under the facts alleged, the judge should have afforded plaintiffs an opportunity to amend the complaint to endeavor to conform to the requisites for the hospital's responsibility in damages by reason of malpractice *82 or negligence, or some other reasonable basis for liability, where its conduct relates to a dead body. The parties should also have been afforded discovery before a decision was rendered.
We note that the second count of the complaint alleges both mental and physical suffering. It seems evident that the first count, through inadvertence, omitted the allegation of physical suffering or disability.
We express no views as to what an appropriate predicate for the hospital's liability might be or the kind or extent of damage, if any, that may be recovered by plaintiffs; nor do we now rule on whether the circumstances of the case, as alleged in the complaint, are such that relief must be afforded plaintiffs.
However, after an amendment and appropriate discovery, conceivably a claim for relief for emotional distress or physical disability, or both, might be based on (1) plaintiffs' property or other right with respect to the corpse of their deceased child; or (2) an implied contract with the hospital which may have been violated; or (3) conduct by the hospital that would warrant recovery for the tort of outrage; or (4) a deviation from the standard of care reasonably to be expected of a hospital in dealing with corpses and the reasonable foreseeability that such a deviation would cause emotional and substantial physical disability with respect to persons normally constituted.[1] As to the contract and malpractice *83 theories of liability, an amendment, together with discovery, might bring one or both plaintiffs within the "zone of risk" assumed by the hospital. See Caputzal v. The Lindsay Co., supra, 48 N.J. at 76.
The possible theories of liability that we have discussed are no less viable because of the limited statutory immunity that defendant hospital may have to respond in damages to its beneficiaries by reason of its negligence. N.J.S.A. 2A:53A-7 to 10. Such immunity is irrelevant to a determination of the issues projected by the present case. Whether or not, and the extent to which, this statute applies to plaintiffs need not now be decided.
We also do not intend, by what we have said, to have exhausted all of the theories upon which the hospital's liability may be predicated.
Accordingly, we reverse the judgment dismissing the complaint. We remand the matter to the trial court with directions that plaintiffs be permitted to amend the complaint, if they so desire; that an amended answer be filed, and that discovery proceedings thereafter take place. At that juncture, if it deems such procedure justified, defendant may make a motion for summary judgment based on the record then made; or, of course, notwithstanding completion of discovery, it may proceed to trial before an actual determination is made as to its liability to plaintiffs and, if there is liability, the extent and nature of damages, if any, recoverable.
We have considered plaintiffs' contention that the trial judge's action deprived them of constitutional rights and find it to be without merit.
Reversed and remanded for proceedings not inconsistent with this opinion. We do not retain jurisdiction.
NOTES
[1] In addition to Falzone, supra, see, e.g., Caputzal v. The Lindsay Co., supra; Hafner v. Hafner, 135 N.J. Super. 328 (Law Div. 1975); Spiegel v. Evergreen Cemetery Corp., 117 N.J.L. 90 (Sup. Ct. 1936); Harris v. D.L. & W.R.R. Co., 77 N.J.L. 278 (Sup. Ct. 1909), see same case after new trial, 82 N.J.L. 456 (E & A. 1912). See also, Fiore v. Sears, Roebuck & Co., 144 N.J. Super. 74 (Law Div. 1976); Johnson v. State of New York, 37 N.Y.2d 378, 372 N.Y.S.2d 638, 334 N.E.2d 590 (Ct. App. 1975); Lubin v. Sydenham Hospital, Inc., 181 Misc. 87, 42 N.Y.S.2d 654 (Sup. Ct. 1943); Klumbach v. Silver Mount Cemetery Ass'n, 242 App. Div. 843, 275 N.Y.S. 180 (App. Div. 1934), aff'd 268 N.Y. 525, 198 N.E. 386 (Ct. App. 1935); Prosser, Law of Torts (4th ed. 1971) § 54 at 329-330 and § 12 at 60; 1 Harper and James, The Law of Torts, § 9.4 at 674-675 (1956); Restatement, Torts 2d, § 436A and 46, including the comments thereto.