**Lillian FARR, on her own behalf and as next friend for Rita Farr, Plaintiff,**

v.

**UNITED AIRLINES, INC., Defendant.**

**No. 78 C 4156.**

United States District Court,
N. D. Illinois, E. D.

Nov. 8, 1979.

Susan M. Sitter, Maywood, Ill., Wallace C. Winter, Developmental Disabilities Law Project, Chicago, Ill., for plaintiff.

Linda S. Puvogel, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

The plaintiffs in this action, Lillian Farr and her retarded daughter, Rita Farr, have moved to amend the original complaint to add a third count. Count One alleges that the defendant, United Airlines, unlawfully removed Rita Farr from a flight from Newark, New Jersey, to Chicago, Illinois, and requests compensatory and punitive damages for both plaintiffs. Count Two is a state-based breach of contract claim brought under the doctrine of pendent jurisdiction. The action is brought pursuant to the Federal Aviation Act of 1958, 49 U.S.C. § 1301, *et seq.*, and jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1337.

The third count which plaintiffs move to add is based on the tort of outrageous conduct. United opposes this motion on several grounds. First, United contends that the addition of a third count at this stage, when the case is almost ready for trial, amounts to undue prejudice and delay. Next, the motion is improper in that since the tort of outrage has not been recognized in New Jersey where the incident took place, such amendment would be futile. Third, United maintains that the doctrine of pendent jurisdiction, when applied to the facts of this case, indicates that a federal court should not decide this type of state law issue. For the reasons stated below, the motion to amend the complaint is granted.

Rule 15(a), Fed.R.Civ.P. provides:

A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

\*　　\*　　\*　　\*　　\*　　\*

■ Since the defendant has filed an answer, the motion to amend is not permitted as a matter of right. However, the rule does provide that leave to amend "shall be freely given when justice so requires." This liberal approach on the part of federal courts is partially based on the belief that a claim should be tried on the merits whenever possible. Leave to amend will generally be denied only in those instances involving

undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment.

*Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

■ United has argued in its memorandum in opposition that the addition of the third count would result in undue prejudice and delay.[1] The mere fact that the amendment has been offered late in the case is not enough in itself to justify denial. *See* 3 Moore's Federal Practice ¶ 15.08 and *A. Cherney Disposal Co. v. Chicago & Suburban Refuse Disposal Corp.*, 68 F.R.D. 383 (N.D.Ill.1975).

■ Moreover, the plaintiffs assert that the reason for the delay is that the facts underlying the new cause of action were not known until discovery had been completed. The new allegations are based on facts ascertained during discovery and now known to both parties. Thus, the defendant's contention that additional discovery may be necessary does not constitute undue prejudice. Given that the new count arises out of the same occurrence underlying counts one and two, it is unlikely that any additional discovery will be necessary. The only prejudice which will result is the delay resulting from defendant's filing of an answer to the amended complaint. "Such prejudice is minimal and clearly insufficient to prevent the filing." *Alloy Cast Steel Company v. United Steel Workers of America*, 70 F.R.D. 687, 689 (N.D.Ohio 1976).

United believes that since the tort of outrage has not been explicitly adopted in New Jersey, the amendment would be futile since it fails to allege a proper claim. This in itself is not enough to constitute undue prejudice in this case. United has not offered any authority that expressly states that such cause of action does not exist in New Jersey. On the other hand, the plaintiffs have cited several cases which indicate that the tort of outrage may be a recognized cause of action.[2]

It is the opinion of this Court that the present state of the record does not establish that the new claim is futile and amounts to undue prejudice. In so stating, this Court takes no position on the issue of whether the tort of outrage has been adopted in New Jersey. A decision on this substantive issue would be more appropriately decided on a fully briefed motion directed

1. Specifically, United has stated that the "complaint herein was filed on October 23, 1978. Shortly thereafter, both parties initiated discovery. During the course of discovery, nothing has come to light which would support a claim for 'outrageous conduct.' If plaintiffs wanted to allege such a tort, there simply is no reason why they could not have included it in their original complaint rather than wait until one month before the date of trial to seek to amend. The effect of plaintiffs' delay is that now, when discovery has been terminated and both parties have pretrial papers to prepare and file, defendant is forced to spend time responding to a new claim without the benefit of additional discovery. Memorandum of Points and Authorities of United Air Lines, Inc. in Opposition to Plaintiff's Motion to Amend Complaint, p. 3.

2. The plaintiffs cite *Muniz v. United Hospitals Medical Center*, 153 N.J.Super. 79, 379 A.2d 57, 58 (1977), for the proposition that the courts do recognize this tort:

> However, after an amendment and appropriate discovery, conceivably a claim for relief for emotional distress or physical disability

or both, might be based on . . . (3) conduct by the hospital that would warrant recovery for the tort of outrage.

*Muniz* was cited with approval by the New Jersey Supreme Court in *Berman v. Affardi*, 80 N.J. 421, 404 A.2d 8 (1979) in a discussion concerning the trend of recent cases in New Jersey allowing damages for emotional distress.

Moreover, the plaintiffs have indicated that the following states have recently recognized the tort of outrageous conduct: *Munley v. I. S. C. Financial House, Inc.*, 584 P.2d 1336 (Okl.Sup. Ct.1978); *Rondelli v. County of Pima*, 120 Ariz. 483, 586 P.2d 1295 (1978); *Agarwal v. Johnson*, 81 Cal.App.3d 513, 146 Cal.Rptr. 521 (1978); *Warrem v. Parrish*, 436 S.W.2d 670 (Mo.Sup. Ct.); *Fischer v. Maloney*, 43 N.Y.2d 553, 402 N.Y.S.2d 991, 373 N.E.2d 1215 (1978); *Dawson v. Associates Financial Services Co. of Kansas, Inc.*, 215 Kan. 814, 529 P.2d 104 (1974); *Hiers v. Cohen*, 31 Conn.Sup. 305, 329 A.2d 609 (1973); *Papieves v. Lawrence*, 437 Pa. 373, 263 A.2d 118 (1970).

specifically as to whether Count Three states a meritorious claim.

United's final argument is that under the doctrine of pendent jurisdiction as enunciated in both *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) and *Moor v. County of Alameda*, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973), the Court should in its discretion decline jurisdiction if it would mean avoiding the resolution of a difficult question of state law. The Supreme Court in *Gibbs* reasoned that pendent jurisdiction lies within the discretion of the court, and its

> justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them. Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. [Citations omitted].

*Id.*, 383 U.S. at 726, 86 S.Ct. at 1139.

Based on this reasoning, the Supreme Court in *Moor* found that an amendment bringing in new defendants was inappropriate for two reasons: first, the district court would have to resolve difficult questions of state law upon which state court decisions were not clear, and second, the case would become unduly complicated for the jury. Neither of these considerations apply in this case. Since this trial will not involve a jury and no new parties or unrelated claims are being added, the danger of confusion is moot. To deny the motion to amend based on speculation as to what New Jersey's courts might do in this situation would be inconsistent with the purpose of Rule 15(a).

The plaintiffs' motion to amend the complaint to add a third count based on the tort of outrage is granted. It is so ordered.