**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1668-16T3

CCM PROPERTIES, LLC, and
CARLOS GUZMAN,

    Plaintiffs-Appellants,

v.

THOMAS C. PIEPER and
ENVIROTACTICS, INC.,

    Defendants-Respondents.

_____

        Argued April 23, 2018 — Decided June 20, 2018

        Before Judges Fasciale and Moynihan.

        On appeal from Superior Court of New Jersey,
        Law Division, Monmouth County, Docket No.
        L-1690-16.

        David M. Shafkowitz argued the cause for
        appellants.

        Jason D. Attwood argued the cause for
        respondents, Envirotactics, Inc., (Pashman
        Stein Walder Hayden, attorneys; Jason D.
        Attwood, of counsel and on the brief).

        Shaji M. Eapen argued the cause for respondent
        Thomas C. Pieper (Morgan Melhuish Abrutyn,
        attorneys; Meredith Kaplan Stoma, of counsel;
        Shaji M. Eapen, of counsel and on the brief).

PER CURIAM

Plaintiffs appeal from three November 18, 2016 orders dismissing their attorney malpractice claim against defendant Thomas C. Pieper (Pieper); dismissing their breach of contract claim against Envirotactics, Inc. (Enviro); and denying their motion for leave to amend the complaint. Plaintiffs contend:

> POINT I
>
> THE TRIAL COURT ERRED IN ITS APPLICATION OF NJ <u>RULE</u> 4:6-2(e), GRANTING THE DEFENDANT'S MOTION TO DISMISS PLAINTIFF[S'] COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BY FAILING TO PROVIDE EVERY REASONABLE INFERENCE TO PLAINTIFF[S].
>
> POINT II
>
> THE TRIAL COURT ERRED IN ITS ANALYSIS OF THE OPERATIVE DATE FOR CALCULATING THE STATUTE OF LIMITATIONS.
>
> POINT III
>
> THE TRIAL COURT ERRED IN ITS APPLICATION OF NJ <u>RULE</u> 4:6-2(e), BY FAILING TO ALLOW PLAINTIFF[S] TO AMEND [THEIR] COMPLAINT.

Our consideration starts with the trial judge's denial of plaintiffs' proposed second amended complaint. "Objection to the filing of an amended complaint on the ground that it fails to state a cause of action should be determined by the same standard applicable to a motion to dismiss under [<u>Rule</u>] 4:6-2(e)." <u>Interchange State Bank v. Rinaldi</u>, 303 N.J. Super. 239, 257 (App. Div. 1997). Before dismissing a complaint for failure to state a

claim, the trial judge should "afford[] plaintiffs an opportunity to amend the complaint to endeavor to conform to the requisites for [defendant's] responsibility." Muniz v. United Hosps. Med. Ctr. Presbyterian Hosp., 153 N.J. Super. 79, 81 (App. Div. 1977). "'Rule 4:9-1 requires that motions for leave to amend be granted liberally' and that 'the granting of a motion to file an amended complaint always rests in the court's sound discretion.'" Notte v. Merchs. Mut. Ins. Co., 185 N.J. 490, 501 (2006) (quoting Kernan v. One Washington Park Urban Renewal Assocs., 154 N.J. 437, 456-57 (1998)).

Although a motion for leave to amend is properly denied where "there is no point to permitting the filing" because "a subsequent motion to dismiss must be granted," ibid. (quoting Rinaldi, 303 N.J. Super. at 257), that is not the case here. Examining the second amended complaint "in light of the factual situation existing at the time" it was filed, Rinaldi, 303 N.J. Super. at 256, we conclude it adequately set forth causes of action against both defendants and should have been permitted. We thus derive the facts largely from the allegations in the second amended complaint, along with the documents referenced therein.

In 2010 plaintiffs retained Pieper to represent them in the purchase of commercial property, and hired Enviro "to perform a ground penetrating radar . . . survey" to "confirm the absence

and/or presence of any historical underground storage tanks at the site." Enviro identified two underground storage tanks on the property with respective estimated capacities of approximately 550 and 1000 gallons, and recommended that the tanks "be properly removed from the site and the soils surrounding the [tanks] be assessed for evidence of a discharge at the time of removal." Plaintiffs allege that on May 10, 2010, Pieper represented "that all issues regarding the purchase of the subject property [were] resolved," inducing plaintiffs to close on the property that day.

Over three years later, the bank — upon receipt of plaintiffs' application to refinance the property — ordered a "PHASE I ENVIRONMENTAL SITE ASSESSMENT," (phase I report) which revealed a "250,000-gallon aboveground storage tank . . . was formerly present" on the property, and identified — in addition to the two previously-discovered underground tanks — a third 275-gallon underground storage tank. The bank denied plaintiffs' refinance application. Although the record indicates the report was received by the bank on August 30, 2013, there is no indication when plaintiffs were notified their application was denied; or if and when they received the phase I report. Plaintiffs filed suit on May 9, 2016 based on revelations learned from the phase I report.

The trial judge found plaintiffs' claims were barred by the six-year statute of limitations applicable to breach-of-contract

and attorney-malpractice claims[1] because the phase I report put plaintiffs "on notice that [there was] a tank problem as of March 16, 2010." He also found plaintiffs' negligence claims against both defendants, subject to a two-year statute of limitations, N.J.S.A. 2A:14-2(a), were barred.

Plaintiffs contend Pieper "failed to advise . . . that the [Enviro] report previously received was not a comprehensive environmental review" and Enviro "failed to identify critical environmental conditions which would have governed [p]laintiff[s'] decision to proceed" — failures they contend they did not discover until they attempted to refinance.

"We review a grant of a motion to dismiss a complaint for failure to state a cause of action de novo, applying the same standard under <u>Rule</u> 4:6-2(e) that governed the motion court." <u>Wreden v. Twp. of Lafayette</u>, 436 N.J. Super. 117, 124 (App. Div. 2014). We treat all factual allegations as true and carefully examine those allegations "to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim."[2] <u>Printing Mart-Morristown v. Sharp Elecs. Corp.</u>, 116

---

[1] N.J.S.A. 2A:14-1.

[2] We find plaintiffs' argument — that the trial judge "essentially converted" defendants' motion to dismiss "to one for [s]ummary [j]udgment, which was inappropriate" because the judge made a

N.J. 739, 746 (1989) (quoting Di Cristofaro v. Laurel Grove Mem'l Park, 43 N.J. Super. 244, 252 (App. Div. 1957)). "Nonetheless, . . . the essential facts supporting plaintiff's cause of action must be presented in order for the claim to survive; conclusory allegations are insufficient in that regard[,]" Scheidt v. DRS Techs., Inc., 424 N.J. Super. 188, 193 (App. Div. 2012), as are assertions that "essential facts that the court may find lacking can be dredged up in discovery," Printing Mart, 116 N.J. at 768; see also Edwards v. Prudential Prop. & Cas. Co., 357 N.J. Super. 196, 202 (App. Div. 2003). "In evaluating motions to dismiss, courts consider 'allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.'" Banco Popular N. Am. v. Gandi, 184 N.J. 161, 183 (2005) (quoting Lum v. Bank of Am., 361 F.3d 217, 222 n.3 (3d Cir. 2004)).

Although not generally the subject of Rule 4:6-2(e) motions, as Judge William J. Brennan (later United States Supreme Court Justice Brennan) recognized, a statute of limitations defense is

---

"factual determination on [plaintiffs'] business savvy" — to be meritless.  The trial judge's on-the-record statement that plaintiffs were "not your unsophisticated potential homeowner" was made in a verbal exchange during argument.  The judge did not find it as a fact and the record does not support that it influenced his decision.

properly raised on a motion to dismiss "where it affirmatively appears on the face of the complaint that the action pleaded is barred." Feil v. Senisi, 7 N.J. Super. 517, 518 (Law Div. 1950); see also Prickett v. Allard, 126 N.J. Super. 438, 440 (App. Div.) (quoting R. 4:6-2(e)), aff'd o.b., 66 N.J. 6 (1974).

New Jersey has adopted the discovery rule to "ameliorate[] 'the often harsh and unjust results [that] flow from a rigid and automatic adherence to a strict rule of law.'" Grunwald v. Bronkesh, 131 N.J. 483, 492 (1993) (quoting Lopez v. Swyer, 62 N.J. 267, 273-74 (1973)) (second alteration in original). Where appropriate, "a cause of action will be held not to accrue until the injured party discovers, or by an exercise of reasonable diligence and intelligence should have discovered . . . a basis for an actionable claim." Lopez, 62 N.J. at 272.

> It is not every belated discovery that will justify an application of the rule lifting the bar of the limitations statute. The interplay of the conflicting interests of the competing parties must be considered. The decision requires more than a simple factual determination; it should be made by a judge and by a judge conscious of the equitable nature of the issue . . . .
>
> [Id. at 275.]

"In the context of legal counseling, a plaintiff may reasonably be unaware of the underlying factual basis for a cause of action. The inability readily to detect the necessary facts underlying a

malpractice claim is a result of the special nature of the relationship between the attorney and client." Grunwald, 131 N.J. at 493-94. The statute of limitations, in a legal malpractice action, "begins to run only when the client suffers actual damage and discovers, or through the use of reasonable diligence should discover, the facts essential to the malpractice claim." Id. at 494.

Plaintiffs' contend that Pieper's alleged malpractice and breach of contract caused them to be unaware of the "critical fact[]" that "the report was not a Phase [I]." We note the plain text of Enviro's written proposal warned plaintiffs that: "[n]o soil borings, soil sampling or groundwater sampling [would be] performed"; the survey was "not intended to satisfy any NJDEP[3] requirements"; the scope of work was limited to "[v]erify[ing] absence or presence of underground storage tanks"; and the quoted price did "not include the costs for a soil and/or groundwater investigation." The Enviro report similarly advised plaintiffs to remove the underground tanks and test the soil, and noted an investigation "satisty[ing] NJDEP requirements" may be necessary. Nonetheless, Pieper's advice — following Enviro's report which recommended further action — should have been preceded by an

---

[3] New Jersey Department of Environmental Protection.

investigation of "potential environmental soil contamination" as plaintiffs allege in their second amended complaint. Pieper's alleged misadvice to close title — not discovered until plaintiffs received the phase I report — suffices to save the malpractice claim from dismissal.

We agree with the judge that the scope of Enviro's proposed work was limited to detecting the underground tanks: "They weren't asked to look for above[-]ground tanks. They weren't asked to do a historical analysis of the property . . . . They were asked simply to look for underground tanks. They completed that task and advised." The dismissal of those causes of action — grounded in Enviro's alleged failure to detect and advise about above-ground storage tanks, soil contamination, environmental impact and prior use of the property — was warranted; plaintiffs clearly did not contract Enviro for those services.

A liberal reading of the complaint, however — accepting even "obscure statement[s]" that form "the fundament of a cause of action," Printing Mart, 116 N.J. at 746 — compels us to reverse the order dismissing plaintiffs' breach-of-contract claim against Enviro, which was retained to detect the presence of underground tanks and detected two — not three — on the property. Plaintiffs adequately allege, for the purposes of a motion to dismiss, that

they could not reasonably have known about the third tank until the phase I report was issued in August 2013.[4]

We therefore remand the matter to afford plaintiffs an opportunity to file the second amended complaint and for further proceedings consistent with the reasons set forth herein.

Affirmed in part, reversed in part, and remanded for further proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

---

[4] Plaintiffs' negligence claims against both defendants, subject to a two-year statute of limitations, N.J.S.A. 2A:14-2(a), are barred regardless of the discovery rule's application. Plaintiffs filed their complaint on May 9, 2016 — well over two years after the phase I report was issued in August 2013.

A-1668-16T3